**SIDLEY AUSTIN BROWN & WOOD, LLP, Appellant,**

v.

**J.A. GREEN DEVELOPMENT CORP., JAGI, Inc., and JAGI Verde L.L.C., Appellees.**

No. 05–10–00008–CV.

Court of Appeals of Texas, Dallas.

Nov. 9, 2010.

---

Michael O. Connelly, Allison J. Miller, David George, Connelly Baker Wotring LLP, Houston, TX, Jonathan Ellis Altman, Munger, Tolles & Olson LLP, Los Angeles, CA, for Appellant.

David R. Deary, J. Dylan Snapp, Loewinsohn, Flegle and Deary, L.L.P, for Appellees.

Before Justices MOSELEY, O'NEILL, and LANG–MIERS.

## OPINION

Opinion By Justice MOSELEY.

This is an interlocutory appeal from the trial court's order denying a motion to compel arbitration under the Federal Arbitration Act (FAA). *See* 9 U.S.C. §§ 1–16 (2006). We have jurisdiction over this appeal under section 51.016 of the civil practice and remedies code and section 16 of the FAA. TEX. CIV. PRAC. & REM.CODE ANN.

§ 51.016 (West Supp.2010); *see also* 9 U.S.C. § 16.

Appellant Sidley Austin Brown & Wood, LLP argues the trial court erred by denying its motion to compel arbitration because the unconscionability arguments raised by J.A. Green Development Corp., JAGI, Inc., and JAGI Verde L.L.C. (collectively "Green") apply to the entire agreement and not specifically to the arbitration provision, and the provision is not otherwise unconscionable. We reverse the trial court's order and remand with instructions to grant the motion to compel arbitration.

## BACKGROUND

Green, a real estate developer, met with BDO Seidman, LLP, to discuss options for reducing its tax liability by undertaking certain distressed debt transactions. BDO introduced Green to one of Sidley Austin's predecessors, Brown & Wood, L.L.P, which agreed to issue an opinion letter on the federal income tax consequences of the transactions. Green and Brown & Wood signed a two-page engagement letter setting out the fee for issuing the opinion letter; the engagement letter provided for the arbitration of any controversy or claim arising out of or relating to the engagement letter and the matters addressed in the letter. The engagement letter also states that the FAA governs the interpretation and enforcement of the arbitration provision.[1]

The IRS later rejected the tax deductions Green took in connection with the transactions and assessed back taxes, interest, and penalties. In June 2009, Green sued BDO Seidman,[2] Sidley Austin, and other advisers over the transactions and tax liabilities alleging malpractice, fraud, and other claims. Sidley Austin moved to compel arbitration under the terms of the engagement letter. In response, Green amended its petition and alleged the arbitration agreement in the engagement letter was "invalid and unenforceable." In its response to the motion to compel, Green alleged the arbitration agreement was unconscionable because: (1) it violates public policy as it was part of a criminal fraud and conspiracy to commit criminal fraud; (2) it was procured by economic duress; and (3) it was obtained in violation of ethical standards discussed in ethics opinion issued by the State Bar of Texas.

After a hearing, the trial court denied the motion to compel without specifying the grounds for its ruling.

## STANDARD OF REVIEW

Until recently, orders denying motions to compel arbitration in matters subject to the FAA were not subject to interlocutory appeal; instead, they were reviewed in mandamus proceedings using an abuse of discretion standard. *See Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272–73 (Tex. 1992). Under that standard, "we defer to the trial court's factual determinations if they are supported by evidence, but we review the trial court's legal determinations de novo." *In re Labatt Food Service, L.P.*, 279 S.W.3d 640, 643 (Tex.2009). "Whether an arbitration agreement is enforceable is subject to de novo review." *Id.*

■ Section 51.016 now permits courts to review such orders by appeal. *See* TEX.

---

1. The letter agreement was signed by J.A. Green Development Corp.'s vice president, James Errante.

2. In a related appeal from this suit, BDO Seidman appeals the denial of its motion to compel arbitration under a separate agreement with Green. *See BDO Seidman, LLP v. J.A. Green Dev. Corp.*, 327 S.W.3d 852, 853–54 (Tex.App.-Dallas 2010, no pet. h.).

CIV. PRAC. & REM.CODE ANN. § 51.016. We have not addressed the standard of review applicable to such appeals. However, on appeals of orders denying arbitration under the Texas Arbitration Act (TAA), we apply a no-evidence standard to the trial court's factual determinations and a de novo standard to legal determinations. *Trammell v. Galaxy Ranch Sch., L.P.*, 246 S.W.3d 815, 820 (Tex.App.-Dallas 2008, no pet.). This standard is the same as the abuse of discretion standard of review and we will apply that standard of review to interlocutory appeals under section 51.016.

## APPLICABLE LAW

█ Under the FAA, a "written provision in ... a contract ... to settle by arbitration a controversy thereafter arising out of such contract or transaction, ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Therefore, under the FAA, state law may govern arbitration agreements only "if that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally." *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 686–87, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996) (quoting *Perry v. Thomas*, 482 U.S. 483, 492 n. 9, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987)). "Thus, generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening § 2." *Id.* "Courts may not, however, invalidate arbitration agreements under state laws applicable only to arbitration provisions." *Id.*[3]

█ A party seeking to compel arbitration under the FAA must establish the existence of a valid arbitration agreement between the parties and that the particular controversy is within the scope of that agreement. *See In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753–54 (Tex.2001). Because of state and federal policies favoring arbitration, doubts about the scope of the arbitration agreement must be resolved in favor of arbitration. *Id.* The party seeking to avoid arbitration then bears the burden of proving its defenses against enforcing an otherwise valid arbitration provision. *Id.* at 756.

█ Supreme Court precedent establishes three propositions relevant to enforcement of arbitration provisions as between signatories to the agreement:

First, as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract. Second, unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance. Third, this arbitration law applies in state as well as federal courts.

*Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445–46, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006) (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403–04, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967); *Southland Corp. v. Keating*, 465 U.S. 1, 12, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984)).

█ There are two types of challenges to an arbitration provision: (1) a specific challenge to the validity of the arbitration

---

**3.** "What States may not do is decide that a contract is fair enough to enforce all its basic terms (price, service, credit), but not fair enough to enforce its arbitration clause. The [FAA] makes any such state policy unlawful, for that kind of policy would place arbitration clauses on an unequal 'footing,' directly contrary to the Act's language and Congress's intent." *Allied–Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 281, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995).

agreement or clause; and (2) a broader challenge to the entire contract, either on a ground that directly affects the entire agreement, or on the ground that one of the contract's provisions is illegal and renders the whole contract invalid. *See Buckeye*, 546 U.S. at 444, 126 S.Ct. 1204; *Labatt*, 279 S.W.3d at 647–48. A court may determine the first type of challenge, but a challenge relating to the validity of a contract as a whole, and not specifically to the arbitration clause within that contract, must go to the arbitrator. *See Labatt*, 279 S.W.3d at 647–48; *FirstMerit Bank*, 52 S.W.3d at 756 (defenses of unconscionability, duress, fraudulent inducement, and revocation must specifically relate to the arbitration part of a contract and not the contract as a whole if they are to defeat arbitration).

### ANALYSIS

It is undisputed that Sidley Austin (Brown & Wood) and Green signed a written agreement containing a provision to arbitrate any controversy or claim arising out of the letter agreement or the transactions addressed in the letter. It is also undisputed that the claims Green asserts against Sidley Austin are within the scope of the arbitration provision.

Green's arguments against enforcement of the arbitration provision are based on the defense of unconscionability. It argues the provision is unconscionable because: (1) it violates public policy as it was part of a criminal fraud and conspiracy to commit criminal fraud; (2) it was procured by economic duress; and (3) it was obtained in violation of ethical standards discussed in ethics opinion issued by the State Bar of Texas.

Sidley Austin argues that Green failed to prove the defense because the first two unconscionability arguments (fraud and duress) relate to the entire engagement between them, and not specifically to the arbitration provision itself. Sidley Austin argues the third unconscionability argument is unfounded because the ethics opinion regarding disclosures attorneys should make to clients about arbitration agreements in their engagement letters is not binding on courts and does not reflect Texas public policy, which favors arbitration. Further, Sidley Austin argues any special notice rule applicable only to arbitration agreements, as opposed to contracts generally, is preempted by the FAA.

■ Green's first unconscionability argument alleges a series of misrepresentations, fraudulent conduct, and conspiracy by Sidley Austin and BDO with respect to the design, promotion, sale and implementation of the tax-reducing investment strategy and that Sidley Austin knew the IRS would disallow the transactions as an illegal tax shelter.[4] Nothing in the record indicates these representations related specifically to the arbitration provision, as opposed to the entire engagement agreement. *See FirstMerit Bank*, 52 S.W.3d at 758 (there was "no evidence that the sellers actually misrepresented the [arbitration] Addendum's terms, or that they made any false material representations with regard to the Arbitration Addendum itself").

Green's second argument raises duress as a ground for unconscionability. Green contends it had already paid substantial

---

4. Green alleged that Sidley Austin included the arbitration provision in the engagement letter to limit or eliminate Green's ability to recover from Sidley Austin, but this allegation is not supported by the language of arbitration provision. The arbitration provision expressly allows the arbitrator to "to award any remedy or relief that a court of competent jurisdiction could order or grant."

fees to certain defendants and had implemented part of the transactions when it was presented with the engagement agreement including the arbitration provision. Green contends that if it did not agree to the engagement letter, it would not receive the legal opinion and would lose the fees already paid. Again, however, Green's argument relates to the entire engagement agreement, not just the arbitration provision. *See In re RLS Legal Solutions, L.L.C.,* 221 S.W.3d 629, 632 (Tex.2007) (per curiam) ("Unless the arbitration provision alone was singled out from the other provisions, the claim of duress goes to the agreement generally and must be decided in arbitration."). Indeed, Green concedes that Sidley Austin (or its predecessor) never discussed the arbitration provision with Green.

■ We conclude these two arguments are "broad challenge[s] to the entire contract on the ground that one of the contract's provisions is illegal and renders the whole contract invalid, but not specifically challenging the arbitration clause." *Labatt,* 279 S.W.3d at 648–49. Because an arbitration provision is severable from the remainder of the contract and is enforceable apart from the other provisions, a challenge to the entire contract must go to arbitration under the arbitration provision. *Buckeye,* 546 U.S. at 445–46, 126 S.Ct. 1204; *Labatt,* 279 S.W.3d at 649; *First-Merit Bank,* 52 S.W.3d at 756 (validity of an arbitration provision is a separate issue from validity of the whole contract). We conclude the trial court abused its discretion to the extent it determined that Green's fraud and duress unconscionability challenges defeated the arbitration provision.

■ Green's third unconscionability argument is specific to the arbitration provision. Green argues the arbitration provision is unconscionable because Sidley Austin did not explain the advantages and disadvantages of arbitration to Green before entering into the agreement. Green does not contend this failure made the arbitration provision per se unconscionable, but contends it is a factor in determining unconscionability. Green fails to point out how the agreement is otherwise unconscionable; as explained above, the fraud and duress arguments relate to the entire agreement, not just the arbitration provision. Nothing else about the specific circumstances surrounding the adoption of the arbitration provision show it to be unconscionable. *See In re Halliburton,* 80 S.W.3d 566, 572 (Tex.2002) (rejecting argument that disparity in bargaining power between employer and employee rendered arbitration agreement procedurally unconscionable).[5]

The terms of the arbitration provision are not unusual and, on their face, do not favor either party.[6] The arbitration is to be administered by the AAA, and the arbi-

---

5. Green does not assert it did not know there was an arbitration provision in the engagement letter. We presume that a party who signs a contract knows its contents. *In re Bank One, N.A.,* 216 S.W.3d 825, 826 (Tex. 2007) (per curiam). The arbitration provision is the third paragraph of a two-page letter agreement. It is not hidden or obscured in any way. None of Green's fraud allegations relate to a fraudulent representation that the engagement letter did not contain an arbitration provision or that the arbitration paragraph was something else. There is no alle-

gation or evidence of artifice or trickery in connection with the existence of the arbitration term in the agreement.

6. The provision states:
   By your acceptance of this letter you agree that any controversy or claim arising out of or relating to this letter, and the matters addressed herein, shall be settled by arbitration administered by the American Arbitration Association in accordance with its Commercial Rules and judgment on the award rendered by the arbitrator may

trator is authorized to award any remedy a court of competent jurisdiction could award. Green makes no argument as to how this arbitration provision is so one-sided as to be unconscionable. *See First-Merit Bank*, 52 S.W.3d at 757; *see also In re Poly–Am., L.P.*, 262 S.W.3d 337, 348 (Tex.2008) ("Unconscionability is to be determined in light of a variety of factors, which aim to prevent oppression and unfair surprise; in general, a contract will be found unconscionable if it is grossly one-sided."). And we fail to see how the failure to discuss the advantages and disadvantages of arbitration generally would make an otherwise fair arbitration clause unconscionable.

■■■ Green also relies on an ethics opinion stating that an attorney should normally explain the advantages and disadvantages of arbitration before entering into an engagement letter containing an arbitration clause. *See* Tex. Comm. on Prof'l Ethics, Op. 586, 2008 WL 5680298, *2 (2008). Such opinions are concerned with matters of attorney discipline and are advisory rather than binding. *See Labidi v. Sydow*, 287 S.W.3d 922, 929 (Tex.App.-Houston [14th Dist.] 2009, orig. proceeding). The commission expressly recognized it was beyond its authority "to address questions of substantive law relating to the validity of arbitration clauses in agreements between lawyers and their clients." Tex. Comm. on Prof'l Ethics, Op.

586, 2008 WL 5680298, at *3.[7] We conclude the trial court abused its discretion to the extent it found the arbitration provision was unconscionable on this basis.

## CONCLUSION

We conclude Green failed to establish unconscionability as a defense to the arbitration provision. Accordingly, the trial court abused its discretion by denying the motion to compel arbitration. We sustain Sidley Austin's issue, reverse the trial court's order denying the motion to compel, and remand to the trial court with instructions to grant the motion to compel arbitration.

---

be entered in any court having jurisdiction thereof. The arbitration proceeding shall be conducted in New York City, New York. The arbitrator shall have the authority to award any remedy or relief that a court of competent jurisdiction could order or grant. Except as necessary in court proceedings to enforce this arbitration provision or an award rendered hereunder, neither a party nor an arbitrator may disclose the existence, content or results of any arbitration hereunder without the prior written consent of both parties. The parties acknowledge that this letter evidences a transaction involving interstate commerce. The parties agree that United States Federal Arbitration Act shall govern the interpretation and enforcement of this arbitration provision.

7. Moreover, imposing additional procedural requirements for arbitration provisions in contracts between lawyers and clients—as opposed to other provisions in attorney engagement agreements—would appear to be inconsistent with the FAA. *See Buckeye*, 546 U.S. at 446, 126 S.Ct. 1204; *Doctor's Assocs., Inc.*, 517 U.S. at 687, 116 S.Ct. 1652.