NO. 07-11-0068-CV

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 

MAY 16, 2011

_____________________________

 

STEPHANIE
A. HRYCYK AND HRYCYK FINANCIAL LLC,  

 

                                                                                         Appellants


v.

 

NORRIS DEAN
BUTLER AND JOANN BUTLER,  

 

                                                                                         Appellees

_____________________________

 

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

 

NO. 63,035-B; HONORABLE JOHN B. BOARD, PRESIDING

_____________________________

 

Memorandum Opinion

_____________________________

 

 

Before QUINN, C.J.,
CAMPBELL, J., and BOYD, S.J.[1]

            Stephanie A. Hrycyk and Hrycyk
Financial, LLC (collectively referred to as Hrycyk) appeal from an order
denying their motion to compel arbitration in a lawsuit filed against them by
Norris Dean Butler and Joann Butler (the Butlers).  That lawsuit relates to financial advice
provided by Hrycyk and the Butlers’ reliance upon it to acquire various
investments.  We affirm the order for the
simple reason that there is no evidence illustrating that the arbitration
clauses at issue encompass disputes between these parties.

            According to the record before us,
there are four pertinent agreements involved. 
The first was executed in 1999 between the Butlers and Hrycyk and
specified the nature of their arrangement. 
It did not contain an arbitration clause.  The second and third agreements were executed
in 1999 and 2002, respectively, and purport to be contracts between the Butlers
and an entity named H. Beck, Inc. 
Additionally, the signatures appearing on them were those of the
Butlers, as investors, and Stephanie Hrycyk under the label “Registered
Representative.”  The term “registered
representative” was not defined in the document.[2]  Nor was the nature of the relationship
contemplated by that term discussed. 
Simply put, whether Hrycyk was, and had the legal duties and authority
implicit in being, an employee, partner, agent, or the like of H. Beck is
unknown.  Nor is it known whether
Hrycyk’s status as a purported “registered representative” rendered her nothing
more than an independent contractor or someone who merely referred business to
Beck. Nonetheless, the agreements contained arbitration clauses stating that
“any controversy which may arise between You and H. Beck, Inc. concerning any transaction or the
construction, performance, or breach of this Agreement or any other agreement
between us . . .  shall be determined by
arbitration.”  (Emphasis added).

            The final, and rather illegible,
agreement in question apparently was signed by the Butlers in 2007.  Also appearing on it are two other signatures,
neither of which can be read nor interpreted as belonging to either Stephanie
Hrycyk or Hrycyk Financial.  However, a
closing paragraph refers to “Emmett A Larkin, Company, Inc.”  The one above it also mentions arbitration.  Through it, the Butlers apparently agreed
that “all controversies which may arise between ME/US or between ME/US and the
organization that has introduced MY/OUR account carried by you, including but
not limited to those involving any transaction over the construction, performance,
or breach of this or any other agreement between us . . .  shall be determined by arbitration.”  We also note that  the record holds no evidence of who
“introduced” the Butlers to Larkin.    

            Next, Hrycyk moved the trial court
to enforce the aforementioned arbitration clauses, and the court held a hearing
on the motion.  No witnesses were
presented at that hearing, however. 
Instead, legal counsel simply argued their respective positions.  And, as we all know, their arguments
generally constitute evidence of nothing, despite their eloquence.  See Tex.
Dep’t of Public Safety v. Mendoza, 952 S.W.2d 560, 564 (Tex. App.–San
Antonio 1997, no writ) (holding that argument of legal counsel at a hearing is
not evidence).  Yet, Hrycyk did accompany
her motion with her affidavit.  And, in
that instrument she authenticated the aforementioned Beck contracts, stated
that she “was a registered representative of H. Beck Inc.” at the time of their
execution, attempted to authenticate the 2007 agreement as one between the
Butlers and “Gramercy Securities Inc.” (an entity unmentioned in the particular
document), stated that she was a “registered representative of Gramercy,”
stated that the contracts with the arbitration clauses “were made in
consideration of Hrycyk . . . providing services to  …” the Butlers, acknowledged providing investment advising
services to the Butlers since 1999, indicated the nature of investments
acquired by the Butlers and their geographic location, and concluded by stating
that Beck and Gramercy were “both broker-dealers with their primary places of
business outside of the state of Texas.” 
Having received this affidavit and argument of counsel, the trial court
denied the motion before it.  

            Whether a trial court errs in
refusing to order arbitration depends on whether it abused its discretion.  Torster v. Panda Energy Mgmt., L.P., No. 07-10-00442-CV, 2011 Tex. App. Lexis 1628, at *5 (Tex. App.–Amarillo March 7, 2011, no pet.
h.) (not designated for publication); Sidley, Austin, Brown,
& Wood, L.L.P. v. J.A. Green Dev. Corp., 327 S.W.3d 859, 863 (Tex. App.–Dallas 2010, no pet.)
(stating that we apply a no evidence standard to the trial court’s factual
determinations and a de novo standard to the legal determination which is the same as a
standard of abused discretion).  A trial
court abuses its discretion when its decision deviates from guiding rules and
principles and is otherwise arbitrary, capricious, and unreasonable.  See Downer v. Aquamarine
Operators, Inc., 701
S.W.2d 238, 241-42 (Tex. 1985).  One of
those guiding rules and principles obligates the party seeking arbitration to
establish the existence of a valid agreement requiring arbitration and encompassing
the litigants and dispute in question.   In
re Bank One, N.A., 216
S.W.3d 825, 826 (Tex. 2007) (orig. proceeding). 
It is compliance with the latter rule that we find missing here.     

            As can be seen from what we
described above, the arbitration clauses are in contracts between the Butlers
and third parties.  Additionally, none
expressly mention disputes with Hrycyk as being encompassed by the
clauses.  Despite that, Hrycyk seeks to
benefit from them through her supposed relationship with those third parties.  But again, there is no evidence in the record
before us of any such relationship. 
Moreover, the conclusory allegation about being their “registered
representative” fails to fill the void. 
Such allegations not only lack probative value, City of San Antonio v. Pollock, 284 S.W.3d 809, 816 (Tex. 2009)
(stating that conclusory allegations have no probative value), but also leave
one guessing at the nature of the legal relationship, if any,
contemplated.  And, we are not authorized
to engage in such guessing.  

            Nor may we simply assume that Hrycyk
was the party who “introduced” the Butlers to Larkin or Gramercy for purposes
of the arbitration clause in the 2007 contract.    And given that Gramercy is nowhere
mentioned in the 2007 contract and the lack of any evidence explaining whether
Gramercy succeeded to Larkin’s rights in the agreement, we would be hard pressed
to conclude that Hrycyk’s status as a “registered representative” of Gramercy
somehow entitles her to contractual rights granted Larkin. 

            Simply put, we have before us 1)
arbitration clauses that expressly encompass entities other than Hrycyk and 2)
no probative evidence that Hrycyk has any type of actual relationship to those
entities.  Given this, we cannot say that
the burden to prove the applicability of the clauses was met.  Thus, the trial court did not abuse its
discretion in view of the record before us.

            The order denying arbitration is
affirmed.

            

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice











[1]John T. Boyd, Senior Justice, sitting by assignment.





[2]The
same term appeared in the original contract signed by the Butlers and Hrycyk in 1999 and was also undefined and unexplained
there.