

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-12-00372-CV

TEXAS ECHO LAND AND CATTLE, LLP            APPELLANT

V.

GENERAL STEEL DOMESTIC SALES, LLC D/B/A GENERAL STEEL CORPORATION            APPELLEE

----------

## FROM COUNTY COURT AT LAW NO. 1 OF PARKER COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Texas Echo Land and Cattle, LLP appeals the trial court's order granting Appellee General Steel Domestic Sales, LLC d/b/a General Steel Corporation's motion to compel arbitration.[2]  We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

[2]Because, as we explain later, the Federal Arbitration Act (FAA) governs the arbitration agreement at issue in this case, and because the trial court dismissed Texas Echo's suit upon compelling arbitration, we have jurisdiction

Texas Echo is a limited partnership formed under the laws of the State of Texas. General Steel is a Colorado entity whose principal place of business is in Colorado. General Steel "markets and sells pre-engineered steel buildings, building accessories, and related services to customers throughout the United States."

In June 2007, Randy Childers, on behalf of Texas Echo, executed a written agreement with General Steel to purchase a steel building for $69,953. As part of the purchase, Texas Echo paid General Steel a $14,000 deposit. One of the agreement's "Conditions" provided that "[a]ny deposit received herein by the Seller shall be <u>non-refundable</u>, held by the Seller as security for the completion of this contract, and applied to the final balance." Another condition contained an arbitration agreement and required that "[a]ny controversy or claim arising out of or relating to this contract, or the breach thereof, shall be resolved by arbitration

---

over this appeal under civil practice and remedies code section 51.016 and 9 U.S.C. § 16(a)(3). *See* 9 U.S.C.A. § 16(a)(3) (West 2009) (providing that an appeal may be taken from "a final decision with respect to an arbitration that is subject to this title"); Tex. Civ. Prac. & Rem. Code Ann. § 51.016 (West Supp. 2012) (providing that in a matter subject to the FAA, an appeal may be taken from a judgment or interlocutory order only if it would be permitted under the same circumstance in federal court under § 16); *see also Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 85–89, 121 S. Ct. 513, 519–21 (2000) (interpreting 9 U.S.C. § 16(a)(3) and holding "that where, as here, the District Court has ordered the parties to proceed to arbitration, and dismissed all the claims before it, that decision is 'final' within the meaning of § 16(a)(3), and therefore appealable"); *cf. CMH Homes v. Perez*, 340 S.W.3d 444, 450 (Tex. 2011) ("Because the trial court did not enter a dismissal or otherwise dispose of all parties and claims, the order remains interlocutory and cannot be appealed under section 16(a)(3).").

before the Judicial Arbiter Group, Inc. in Denver, Colorado. . . . The Federal Arbitration Act shall govern the interpretation, enforcement, and proceedings pursuant to this arbitration agreement." Childers initialed each condition.

Unable to resolve a dispute about sales tax under the agreement, Texas Echo sued General Steel in July 2011 for breach of contract, misrepresentation, and violation of the Texas Deceptive Trade Practices Act.[3] According to one of the trial court's unchallenged fact findings, Texas Echo terminated the agreement and demanded that General Steel return the $14,000 deposit. General Steel answered and filed a motion to compel arbitration; Texas Echo responded that the arbitration agreement was induced or procured by fraud and is unconscionable. After a hearing where Texas Echo submitted only the argument of its counsel, the trial court granted General Steel's motion to compel arbitration and dismissed Texas Echo's claims with prejudice.

In its only issue, Texas Echo argues that the trial court erred by granting General Steel's motion to compel arbitration because Texas Echo successfully established its fraud and unconscionability defenses to enforcement of the arbitration agreement. Texas Echo also contends that the arbitration agreement is governed by the Texas General Arbitration Act (TGAA), not the FAA.

---

[3]Texas Echo alleged that General Steel had "continually attempted to charge the Plaintiff sales tax on the sale of the steel building although the Plaintiff provided the Defendant with a Texas Sales and Use[] Tax Exemption Certificate."

3

A party seeking to compel arbitration under the FAA must establish that there is a valid arbitration clause and that the claims in dispute fall within that agreement's scope. *In re Rubiola*, 334 S.W.3d 220, 223 (Tex. 2011) (orig. proceeding). The party seeking to avoid arbitration then bears the burden of proving its defenses against enforcing the otherwise valid arbitration provision. *In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 607 (Tex. 2005) (orig. proceeding). Although we have been unable to locate a case in which a Texas appellate court exercised jurisdiction under civil practice and remedies code section 51.016 to review a "final decision with respect to an arbitration that is subject to this title," as provided in 9 U.S.C. § 16(a)(3), we will apply the abuse of discretion standard of review. *See Sidley Austin Brown & Wood, LLP v. J.A. Green Dev. Corp.*, 327 S.W.3d 859, 863 (Tex. App.—Dallas 2010, no pet.) (applying abuse of discretion standard of review to appeal under section 51.016 involving denial of motion to compel arbitration pursuant to 9 U.S.C. § 16).

The arbitration agreement specifically provides that the FAA "shall govern the . . . proceedings pursuant to this arbitration agreement," and the underlying agreement for the purchase of a steel building—between a Texas entity and a Colorado entity—involves interstate commerce. We therefore reject Texas Echo's argument that the arbitration agreement is not governed by the FAA. *See* 9 U.S.C.A. § 2 (providing that the FAA applies to a dispute that concerns a "contract evidencing a transaction involving commerce"); *Rubiola*, 334 S.W.3d at

4

223 ("The [FAA] generally governs arbitration provisions in contracts involving interstate commerce."). We overrule this part of Texas Echo's issue.

Texas Echo argues that the arbitration agreement was procured by fraud because, according to its argument at the hearing on the motion to compel arbitration, "The representative of the defendant told my client that he could cancel the contract any time. Not to worry about the arbitration clause." General Steel included several of Texas Echo's interrogatory responses in its brief for the hearing on the motion to compel arbitration, and the responses clarify the basis of Texas Echo's fraud defense: "The representative told me I could cancel the contract at anytime if I was unhappy and get my deposit back."

"While an arbitration agreement procured by fraud is unenforceable, the party opposing arbitration must show that the fraud relates to the arbitration provision specifically, not to the broader contract in which it appears." *Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 56 (Tex. 2008); *In re Merrill Lynch Trust Co. FSB*, 235 S.W.3d 185, 190 (Tex. 2007) (orig. proceeding) (noting that a defense relating to the parties' entire contract, rather than the arbitration clause alone, is a question for the arbitrator).

Here, Texas Echo's fraud argument does not implicate any aspect of the arbitration agreement. Instead, it complains about an alleged oral statement made by a General Steel representative regarding Texas Echo's ability to cancel the entire agreement. The extent to which the entire agreement may be canceled and the details regarding when, where, and how a dispute will be

5

resolved (the arbitration agreement) are two different things. Texas Echo failed to prove its fraud defense. We overrule this part of its issue.

Texas Echo argues that the arbitration agreement is unenforceable because arbitration might subject it to substantial costs.[4] The party seeking to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive bears the burden of showing the likelihood of incurring such costs. *In re Olshan Found. Repair Co., LLC*, 328 S.W.3d 883, 895 (Tex. 2010). "Evidence of the 'risk' of possible costs of arbitration is insufficient evidence of the prohibitive cost of the arbitration forum." *Id.* Rather, parties "must at least provide evidence of the likely cost of their particular arbitration, through invoices, expert testimony, reliable cost estimates, or other comparable evidence." *Id.*

Here, Texas Echo offered no evidence to support its contention that the arbitration agreement is unconscionable due to excessive costs. It merely offered argument surmising about possible costs. We also note that the arbitration agreement provides that "[t]he party initiating arbitration shall advance all costs thereof," and Texas Echo is not the party who initiated arbitration. We hold that Texas Echo failed to prove its defense that the arbitration agreement is unconscionable, and we overrule the remainder of its only issue.

---

[4]Texas Echo argues that "forcing [it] to travel to Colorado in order to arbitrate the claim would involve travel costs in excess of $1000.00 which would make the agreement unconscionable."

We hold that the trial court did not abuse its discretion by granting General Steel's motion to compel arbitration.  We affirm the trial court's order compelling arbitration.

BILL MEIER
JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DELIVERED:  June 20, 2013