

# IN THE
# TENTH COURT OF APPEALS

─────────────

## No. 10-21-00167-CV

## IN THE MATTER OF THE MARRIAGE OF
## JAMES VAUGHN IV AND AMBER VAUGHN

─────────────

**From the 369th District Court**
**Leon County, Texas**
**Trial Court No. CV20-0222**

## A B A T E M E N T   O R D E R

On September 10, 2021, Appellee Amber Vaughn (Amber) filed a notice designating Amy Ward (Ward) as her attorney in this appeal. Subsequently, on September 13, 2021, Appellant James Vaughn IV (James) filed a Motion to Disqualify Opposing Counsel. James asserts in his motion that in August 2020, he was a prospective client of Ward. James states that he consulted with Ward about the underlying case but that he declined to enter into a client-lawyer relationship with her. James argues that this nevertheless creates a conflict of interest that prevents Ward from representing Amber in this appeal.

"[Texas Committee on Professional Ethics] opinions are concerned with matters of attorney discipline and are advisory rather than binding." *Sidley Austin Brown & Wood, LLP v. J.A. Green Dev. Corp.*, 327 S.W.3d 859, 866 (Tex. App.—Dallas 2010, no pet.). Nevertheless, opinion 691 of the Professional Ethics Committee of the Supreme Court of Texas provides:

> A lawyer who consults with a person about the possibility of forming a client-lawyer relationship with respect to a matter owes that person a duty of confidentiality under Rule 1.05 of the Texas Disciplinary Rules of Professional Conduct and may not use or reveal information communicated by the prospective client except in accordance with that Rule.

> A lawyer's consultation with a prospective client may result in a disqualifying adverse limitation under Rule 1.06(b)(2). Whether a lawyer's representation of a client reasonably appears to be adversely limited by the lawyer's duty of confidentiality to a former prospective client is ordinarily a factual inquiry. As a general rule, a lawyer should not represent a client with interests materially adverse to those of a former prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter.

Tex. Comm. on Prof'l Ethics, Op. 691 (2021).

We therefore abate this cause to the trial court. The trial court is ORDERED to conduct an evidentiary hearing on James's Motion to Disqualify Opposing Counsel within 21 days of the date of this Order. The trial court is thereafter ORDERED to make findings of fact and conclusions of law within 28 days of the date of this Order.

The court reporter is ORDERED to file a supplemental reporter's record of the hearing within 35 days of the date of this Order. The trial court clerk is ORDERED to file

a supplemental clerk's record, containing the trial court's findings of fact and conclusions of law, within 35 days of the date of this Order.

PER CURIAM

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Order issued and filed September 29, 2021
RWR

