**AFFIRMED and Opinion Filed July 17, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01214-CV**

**STRUCSURE HOME WARRANTY, LLC, Appellant**
**V.**
**2RH BROTHERS PROPERTIES, LLC, Appellee**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-13529**

## MEMORANDUM OPINION

Before Justices Nowell, Goldstein, and Breedlove
Opinion by Justice Nowell

This interlocutory appeal arises from the trial court's denial of a motion to compel a non-signatory to a limited home warranty (Limited Warranty) to arbitrate under the Federal Arbitration Act. In two issues, appellant StrucSure Home Warranty, LLC contends the trial court erred by denying his motion to compel appellee 2RH Brothers Properties, LLC to arbitrate because (1) 2RH's third-party claims against StrucSure necessarily seek the benefits of the Limited Warranty and cannot be determined without reference to it, and (2) 2RH served as the builder's agent in procuring the Limited Warranty; therefore, 2RH is bound by the arbitration

provision. We affirm the trial court's order denying StrucSure's motion to compel arbitration.

## Background

Focis LLC/Focis Holding Group, LLC and CWC Clean with Care d/b/a CWC Restoration and Construction built the majority of a home located on Belmont Avenue in Dallas, Texas. On March 26, 2019, 2RH entered into a "Construction Completion Agreement" with Elton Johnson and Homestead Concepts (Homestead) to finish the home. The home was approximately ninety percent complete at that time. Upon completion, 2RH and Raul Ruiz, as realtor, listed the home for sale.

On August 2, 2019, Danica and Michael Sessa entered into a "New Home Contract" with 2RH and Ruiz for $1,050,000. As part of the New Home Contract, 2RH promised to provide a "Builder's 1-2-10 Warranty at closing." 2RH contacted StrucSure to purchase the Limited Warranty.

StrucSure is the creator and administrator of the nationwide StrucSure Home Warranty Program, which provides new home warranty coverage against certain types of homebuilder construction defects. Homebuilders apply to StrucSure for admission into the program and upon gaining membership and paying an individual enrollment fee, a homebuilder is issued a StrucSure Warranty.

On August 22, 2019, StrucSure sent Ruiz, as the authorized agent of 2RH, an email describing what was needed for the Sessas' home to be enrolled in the warranty program, including copies of the city green tags. Ruiz responded that all

green tags had been transferred to Homestead, and Johnson would be submitting the necessary documents. On September 27, 2019, the Sessas signed the enrollment application listing Homestead as the builder. StrucSure approved the home for enrollment in the warranty program with the provided green tags and builder information. 2RH purchased the Limited Warranty for $3,412.50, and StrucSure issued the Certificate of Warranty on October 1, 2019.

Shortly after closing on the home, the Sessas experienced numerous problems. In November 2019, the Sessas submitted a Notice of Claim to StrucSure, which StrucSure denied after conducting an investigation and inspection of the home.

In July 2020, the Sessas learned Johnson and Homestead were not the original homebuilders but that 2RH hired them to complete construction of the home. The Sessas then sent letters to 2RH, Ruiz, Homestead, and Johnson regarding the home's deficiencies. On September 30, 2020, counsel for 2RH sent notice that it was "not responsible for any requested repairs to the Property," and emphasized the Sessas had the "benefit of a home warranty," which 2RH purchased for the Sessas' benefit. StrucSure, however, refused to honor its obligations under the Limited Warranty because it contended Homestead and Johnson were not the "builder[s]" of the home.

The Sessas filed their original petition against 2RH and Ruiz for fraud in a real estate transaction, fraud by misrepresentation, fraud by concealment, fraudulent inducement, fraud by nondisclosure, negligence, breach of express warranty, violations of the DTPA, breach of contract regarding warranty and repairs, and civil

–3–

conspiracy. The Sessas alleged "shoddy construction, poor workmanship, improper installation, and incorrectly performed repairs," led to numerous issues with the home causing them to "effectively [live] in a construction zone."

2RH and Ruiz filed an original answer generally denying the allegations and asserting numerous affirmative defenses. 2RH also filed a third-party petition against StrucSure because StrucSure failed to honor the 10-year portion of the Limited Warranty.

StrucSure filed a plea in abatement and motion to compel arbitration against 2RH. It argued all matters should be referred to mandatory binding arbitration "in accordance with the arbitration agreement that is part of the Express Limited Warranty that [2RH] seeks to enforce." The Limited Warranty included, in relevant part, the following arbitration provision:

> The parties to this Express Limited Warranty intend and agree that any and all claims, disputes and controversies by or between the Homeowner, the Builder, the Administrator, and/or the Insurer, or any combination of the foregoing, arising out of or related to this Express Limited Warranty, any alleged Defect and/or Deficiency in or to the subject Home or the real property on which the subject Home is situated, or the sale of the subject Home by the Builder, including, without limitation, any claim of breach of contract, negligent or intentional misrepresentation, or nondisclosure in the inducement, execution, or performance of any contract, including this arbitration agreement, or breach of any alleged duty of good faith and fair dealing, shall be settled by binding arbitration in a manner consistent with this arbitration agreement. Agreeing to arbitration means You are waiving Your right to a trial by a judge and/or a jury.

StrucSure maintained that 2RH should be forced to arbitrate its third-party claims based on the doctrine of direct-benefits estoppel and agency. StrucSure attached the

affidavit of Glenn Cleek, Claims Counsel, to its brief in support, along with several other documents.

2RH filed a response to StrucSure's motion to compel arbitration and argued it was not subject to arbitration because (1) it is not a party to the Limited Warranty; (2) it is not seeking any benefit under the Limited Warranty; and (3) it is not an agent of Homestead. 2RH contended that if the Sessas' claims are ultimately meritorious, then StrucSure is liable to 2RH for breach of contract; however, the contract breached would be StrucSure's agreement to provide the Limited Warranty for $3,412.50, not a breach of the Limited Warranty itself.

StrucSure filed a reply arguing 2RH is "clearly seeking the benefits of the Warranty." It emphasized that 2RH stated in its third-party petition that "the Property was ultimately approved for the warranty program, and the Warranty was purchased *by 2RH* for $3,412.50 (the 'Agreement')." (Emphasis in original).

The trial court held a hearing on October 6, 2022. StrucSure continued to argue 2RH sued for breach of the Limited Warranty and should be required to arbitrate despite being a non-signatory. The trial court; however, said it did not "see it that way":

> It seems to me that the - - in the third party petition that the agreement is described as the agreement between StrucSure and 2RH to procure the warranty for the benefit of the homeowners, but not that the agreement and the warranty are the same thing. And further, as I understand it, the arbitration clause is in the warranty not in the agreement to procure or to provide a warranty to the homeowners.

On November 2, 2022, the trial court signed an order denying StrucSure's motion to compel arbitration in its entirety. This appeal followed.

**Standard of Review**

We review the denial of a motion to compel arbitration for an abuse of discretion, deferring to the trial court on factual determinations that are supported by the evidence and reviewing legal determinations de novo. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018); *Sidley Austin Brown & Wood, LLP v. J.A. Green Dev. Corp.*, 327 S.W.3d 859, 863 (Tex. App.—Dallas 2010, no pet.). We construe the record in the light favorable to the trial court's ruling. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 233 (Tex. 2003). When a party does not request findings of fact and conclusions of law and the court files none, it is implied the trial court made all necessary findings to support its ruling. *See Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). Because the trial court did not issue findings of fact or conclusions of law to explain its denial of the motion to compel arbitration, we must uphold the trial court's decision on any appropriate legal theory urged below. *Louisiana-Pacific Corp. v. Newport Classic Homes, L.P.*, No. 05-21-00330-CV, 2023 WL 3000579, at *3 (Tex. App.—Dallas Apr. 19, 2023, no pet.) (mem. op.).

The parties agree that the Federal Arbitration Act applies to their dispute. *See* 9 U.S.C. §§ 1–16. A party seeking to compel arbitration must first establish that there is a valid arbitration agreement. *In re AdvancePCS Health, L.P.*, 172 S.W.3d

603, 605 (Tex. 2005) (per curiam) (orig. proceeding). The strong presumption favoring arbitration arises only after the party seeking to compel arbitration proves that a valid arbitration agreement exists. *J.M. Davidson, Inc*, 128 S.W.3d at 227. The party alleging an arbitration agreement must present summary proof that the dispute is subject to arbitration, and the party resisting arbitration may contest the opponent's proof or present evidence supporting a defense to enforcement. *See In re Weekley Homes, L.P.*, 180 S.W.3d 127, 130–31 (Tex. 2005) (original proceeding).

## Direct-Benefits Estoppel

In its first issue, StrucSure argues the trial court erred by denying its motion to compel arbitration because 2RH's breach of contract and fraud claims are subject to a valid and enforceable arbitration provision in the Limited Warranty. It maintains that because 2RH sought and obtained benefits under the Limited Warranty, 2RH is bound by the arbitration clause despite being a non-signatory to the Limited Warranty. 2RH contends it is not seeking any benefits under the Limited Warranty so the doctrine of direct-benefits estoppel does not apply, and it cannot be compelled to arbitration.

Here, StrucSure offered proof of an arbitration provision in the Limited Warranty. It is undisputed 2RH did not sign the Limited Warranty; however, non-signatories may be bound to an arbitration clause in accordance with general rules of state contract law, agency law, or equity. *Louisiana-Pacific Corp.*, 2023 WL 3000579, at *3. The equitable doctrine of direct-benefits estoppel applies to parties

who seek to derive a direct benefit from a contract with an arbitration agreement. *Id.* If the non-signatory's claims (and thus the defendant's liability) arise solely from the contract or must be determined by reference to it, or if the non-signatory deliberately seeks and obtains direct and substantial benefits from the contract containing the arbitration clause, irrespective of whether the non-signatory's claims are based on the contract, then direct-benefits estoppel may apply. *Id.* Estoppel "prevents a party from insisting upon his strict legal rights when it would be unjust to allow him to enforce them." *In re Weekley Homes, L.P.*, 180 S.W.3d at 133 (internal quotation omitted).

In *Jody James Farms, JV v. Altman Group, Inc.*, 547 S.W.3d 624 (Tex. 2018), the supreme court explained:

> Simply put, a person cannot have his contract and defeat it too. When a claim depends on the contract's existence and cannot stand independently—that is, the alleged liability arises solely from the contract or must be determined by reference to it—equity prevents a person from avoiding the arbitration clause that was part of that agreement. But when the substance of the claim arises from general obligations imposed by state law, including statutes, torts and other common law duties, or federal law, direct-benefits estoppel is not implicated even if the claim refers to or relates to the contract or would not have arisen "but for" the contract's existence.

*Id.* at 637 (internal citations, quotations, and footnotes omitted); *Louisiana-Pacific Corp.*, 2023 WL 3000579, at *5. In order to be compelled to arbitrate under an agreement to which it was not a party, the non-signatory must be "seeking the benefits" of the contract by seeking to enforce its terms. *In re Merrill Lynch, Pierce,*

*Fenner & Smith, Inc.*, 195 S.W.3d 807, 816 (Tex. App.—Dallas 2006, orig. proceeding).

Although StrucSure argues it sought to compel arbitration because 2RH sought to enforce the Limited Warranty, we disagree. Whether a claim seeks the direct benefit from a contract containing an arbitration clause turns on the substance of the claim, not artful pleading. *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 527 (Tex. 2015). The claim must depend on the existence of the contract and be unable to stand independently without the contract. *Id.* at 528.

Here, 2RH's third-party petition indicates that its breach of contract claim against StrucSure is based on StrucSure's alleged breach to provide the Limited Warranty, not a breach of any terms of the Limited Warranty itself. 2RH alleged "[t]he Agreement constitutes a valid and enforceable written contract between 2RH and StrucSure for StrucSure to provide the Warranty for the Property." The third-party petition separately defined the "Warranty" and the "Agreement." Although 2RH stated "StrucSure failed to honor the Warranty," it emphasized that "conduct constitutes a breach of their contractual obligations under the Agreement to provide the Warranty for the Property," not that StrucSure failed to honor the terms of the Limited Warranty. Further, although 2RH's pleading did not specifically state it sought recovery of the $3,412.50 purchase price of the Limited Warranty, 2RH explained that the purchase price was the only damages it sought to recover. It stated, "We have not pleaded and we have not sought the damages for the alleged

issues with the house. . . . We have not sought from StrucSure the totality of the damages that plaintiffs are seeking in this case."

2RH has not "artfully" pled around the Limited Warranty in an attempt to avoid its arbitration clause. It is not suing StrucSure for breach of its obligations under the Limited Warranty, and therefore, is not seeking the benefits of the Limited Warranty. *See Carr v. Main Carr Dev., LLC*, 337 S.W.3d 489, 497 (Tex. App.—Dallas 2011, pet. denied) (explaining a nonsignatory plaintiff seeking the benefits of a contract is estopped from simultaneously attempting to avoid its burdens); *see also Louisiana-Pacific Corp.*, 2023 WL 3000579, at *5. 2RH's breach of contract claim does not stand on the Limited Warranty's existence, but rather can stand independently. And although 2RH's breach of contract claim may "relate to" the Limited Warranty, it "arises out of and directly seeks the benefits of a separate alleged agreement" between the parties. *See, e.g.*, *Sapphire*, 458 S.W.3d at 529. As explained at the hearing, 2RH was not arguing StrucSure breached the Limited Warranty, but rather that "[StrucSure] never even provided what we purchased via the warranty." Under these circumstances, direct-benefits estoppel did not compel arbitration of 2RH's breach of contract claim as a non-signatory to the Limited Warranty; therefore, the trial court did not err by denying StrucSure's motion to compel arbitration of this claim.

We next consider 2RH's fraud by nondisclosure claim. In its third-party petition, 2RH asserted the Sessas' claims related to StrucSure's refusal to honor its

–10–

obligations under the Limited Warranty because the Limited Warranty did not cover the home. 2RH argued if that was true, then StrucSure falsely represented to 2RH the coverage of the Limited Warranty and concealed from or failed to disclose certain facts regarding the Limited Warranty.

StrucSure argues the "allegation of nondisclosure or fraudulent non-disclosure is based upon referencing the exclusions and limitations in the Limited Warranty. Without asserting these references there is no claim for nondisclosure or fraudulent non-disclosure." Again, StrucSure misses the mark. 2RH's fraud claim is not based on any of the exclusions or limitations that might apply to the Limited Warranty. Instead, the issue is whether the Limited Warranty exists and to what extent 2RH may be entitled to damages for paying for a Limited Warranty that did not cover what 2RH allegedly bargained for on the Sessas' behalf.

The trial court explained it at the hearing as follows:

[I]n your estimation, [it] is not consistent with the direct-benefits analysis that is no - - 2RH is not seeking a direct benefit in that instance from the contract, but rather seeking damages based on that there was no contract should the jury find that there was fraud in the representation that there would be a warranty and there in fact wasn't a warranty, the very definition of that is that you're not relying on the existence of the warranty but rather the opposite[.]

Like the trial court, we are not convinced 2RH "would have no claims had the agreement containing the arbitration provision not been signed." *See Carr*, 337 S.W.3d at 499. Fraud by non-disclosure, a subcategory of fraud, occurs when a party has a duty to disclose certain information and fails to disclose it. *Bombardier*

*Aerospace Corp. v. SPEP Aircraft Holdings, LLC*, 572 S.W.3d 213, 219 (Tex. 2019).

2RH's fraud claim relies on StrucSure's alleged independent duty to disclose whether the Limited Warranty would or would not cover the home in light of the change in builder, which 2RH disclosed prior to StrucSure issuing the Limited Warranty. Thus, StrucSure's potential liability does not depend on the Limited Warranty's existence, as 2RH is not seeking to enforce any of its terms, but instead stands independently from it. *See, e.g, Jody James*, 547 S.W.3d at 637; *see also Carr*, 337 S.W.3d at 498. And while we acknowledge 2RH's claim may "relate" to the Limited Warranty, a non-signatory cannot be compelled to arbitrate when claims merely "touch matters" covered by a contract. *Carr*, 337 S.W.3d at 498. Accordingly, the trial court did not err by denying StrucSure's motion to compel arbitration of 2RH's fraud claim. We overrule StrucSure's first issue.

## Agency

In its second issue, StrucSure argues the trial court erred by denying its motion to compel arbitration because 2RH acted as Homestead's agent in procuring the Limited Warranty and Homestead is a defined party to the Limited Warranty. 2RH responds StrucSure provided no evidence supporting its agency theory. We agree.

Texas has recognized agency as one theory, among others not relevant here, in which arbitration by non-signatories may be required. *Jody James*, 547 S.W.3d at 633; *McGaffey v. Carolina Props., LLC*, No. 05-21-00985-CV, 2022 WL 16959265, at *1 (Tex. App.—Dallas Nov. 16, 2022, no pet.) (mem. op.). Because

an agency relationship cannot be presumed, the party who alleges agency has the burden of proving it with evidence. *Coleman v. Klockner & Co. AG*, 180 S.W.3d 577, 588 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

An agent is a person authorized to transact business for a principal and is subject to the principal's control. *Reliant Energy Servs., Inc. v. Cotton Valley Compression, L.L.C.*, 336 S.W.3d 764, 782–83 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Authorization to act and control of the action are the two essential elements of agency. *Id.* Authority to act may be actual or apparent. *Gaines v. Kelly*, 235 S.W.3d 179, 182 (Tex. 2007). Apparent agency, also called apparent authority, is based on the concept of estoppel and imposes liability when the principal's conduct should equitably prevent a person from denying the existence of an agency relationship. *Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 & n.2 (Tex. 1998). In determining whether an agent has apparent authority, "only the conduct of the principal is relevant," and we examine the reasonableness of the third party's assumption about authority. *Sunergon Oil, Gas & Mining Grp., Inc. v. Cuen*, No. 01-19-00998-CV, 2021 WL 3775589, at *5 (Tex. App.—Houston [1st Dist.] Aug. 26, 2021, no pet.) (mem. op.).

The question of whether an agency relationship exists is usually a fact issue. *Jarvis v. K&E Re One, LLC*, 390 S.W.3d 631, 639 (Tex. App.—Dallas 2012, no pet.). Because StrucSure did not request findings of fact and conclusions of law and the trial court did not issue any, we presume the trial court made all the necessary

–13–

findings to support its ruling and we construe the record in the light most favorable to the trial court's ruling. *J.M. Davidson, Inc.*, 128 S.W.3d at 233; *Holt Atherton Indus., Inc.*, 835 S.W.2d at 83.

StrucSure argued that 2RH "transacted and managed" the issuance of the Limited Warranty on Homestead's behalf and, therefore, 2RH should be required to arbitrate because 2RH hired Homestead to complete construction of the home and was "instrumental" in obtaining the Limited Warranty. StrucSure relied on the following evidence to support its agency theory: (1) the Construction Completion Agreement between 2RH and Homestead, (2) the Warranty Deed, (3) the Limited Warranty application, and (4) an email from Chris Anaya, 2RH's counsel. We consider each document in turn.

Johnson, on behalf of Homestead, signed the Construction Completion Agreement in his capacity as "contractor" and Ruiz signed on behalf of 2RH as "owner." Nothing within the document indicates either party signed as principal and agent of the other. Ruiz signed the Warranty Deed in his capacity as 2RH's president and owner, not as an agent of Homestead. Further, the Warranty Deed does not reference StrucSure, Homestead, or the Limited Warranty, but instead is simply the document transferring the home from 2RH, as owner, to the Sessas, as purchaser. The Limited Warranty application is signed by the Sessas as the home's purchaser, and although Homestead is listed as the "member name" under "Builder & Warranty Information," the application is not signed by Homestead. To the extent StrucSure

–14–

argues an agency relationship was created because Homestead is listed on the application and identified as the "builder," we reject its argument. 2RH procured the Limited Warranty on behalf of the Sessas, not Homestead. This conclusion is further supported by the email from Anaya to a StrucSure representative in which he stated, "2RH was the developer of the property and purchased the Home Warranty for the benefit of the Owners." Nothing in the email indicates 2RH acted on behalf of Homestead.

Construing the record in the light most favorable to the trial court's ruling and deferring to its implied finding of facts, the record contains no evidence of either actual or apparent authority creating an agency relationship between 2RH and Homestead. There is no evidence establishing a direct principal-agent relationship between 2RH and Homestead or that 2RH had any apparent authority to act on behalf of Homestead or that Homestead controlled any of 2RH's actions. Accordingly, the trial court did not err by denying StrucSure's motion to compel arbitration based on agency.

Even if we agreed with StrucSure's agency argument, which we do not, our analysis would not change. Whether it is 2RH or Homestead asserting a claim for failure to provide a home warranty, this dispute does not fall within the scope of the limited warranty's arbitration provision. StrucSure's second issue is overruled.

**Conclusion**

We affirm the trial court's order denying StrucSure's motion to compel arbitration.

/Erin A Nowell/
ERIN A. NOWELL
JUSTICE

221214F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

STRUCSURE HOME
WARRANTY, LLC, Appellant

No. 05-22-01214-CV     V.

2RH BROTHERS PROPERTIES,
LLC, Appellee

On Appeal from the 116th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-21-13529.
Opinion delivered by Justice Nowell.
Justices Goldstein and Breedlove
participating.

In accordance with this Court's opinion of this date, the trial court's order denying appellant STRUCSURE HOME WARRANTY, LLC's motion to compel arbitration is **AFFIRMED**.

It is **ORDERED** that appellee 2RH BROTHERS PROPERTIES, LLC, recover its costs of this appeal from appellant STRUCSURE HOME WARRANTY, LLC.

Judgment entered July 17, 2023.