ACCEPTED
07-17-00295-CV
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
9/5/2017 4:24 PM
Vivian Long, Clerk

CAUSE NO. 07-17-00295-CV

COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
9/5/2017 4:24:56 PM
VIVIAN LONG
CLERK

KAROLYN SHEPHERD, INDIVIDUALLY AND AS CO-SUCCESSOR TRUSTEE OF THE BURGE FAMILY REVOCABLE TRUST, JUDY KAY STEVENSON, INDIVIDUALLY AND AS BENEFICIARY OF THE BURGE FAMILY REVOCABLE TRUST, JON MARK SHEPHERD, INDIVIDUALLY AND GIRARD SECURITIES, INC.,

Appellants

v.

BOBBY BURGE, INDIVIDUALLY AND AS BENEFICIARY OF THE BURGE FAMILY REVOCABLE FAMILY TRUST,

Appellees.

Appealed from the 72ND District Court
of Lubbock County, Texas

**APPELLANT GIRARD SECURITIES, INC.'S BRIEF**

Martin S. Schnexnayder
State Bar No. 17745610
Eron F. Reid
State Bar No. 24100320
WINGET, SPADAFORA &
SCHWARTZBERG, LLP
Two Riverway, Suite 725
Houston, Texas 77056
(713) 343-9200 Telephone
(713) 343-9201 Facsimile
Schnexnayder.m@wssllp.com
Reid.e@wssllp.com

ORAL ARGUMENT NOT REQUESTED

**COUNSEL FOR APPELLANT**

## IDENTITY OF PARTIES AND COUNSEL

**Appellants:**

GIRARD SECURITIES, INC.

Represented by:

Martin S. Schnexnayder
State Bar No. 17745610
Eron F. Reid
State Bar No. 24100320
WINGET, SPADAFORA & SCHWARTZBERG, LLP
Two Riverway, Suite 725
Houston, Texas  77056
(713) 343-9200 Telephone
(713) 343-9201 Facsimile
Schnexnayder.m@wssllp.com
Reid.e@wssllp.com

**Other Appellant:**

JON MARK SHEPHERD, INDIVIDUALLY

Represented by:

KESSLER & COLLINS, P.C.
GARY S. KESSLER
State Bar No. 11358200
gsk@kesslercollins.com
DANIEL P. CALLAHAN
State Bar No. 03648700
dpc@kesslercollins.com
PHILIP G. McNICHOLAS
State Bar No. 24078987
pgm@kesslercollins.com
2100 Ross Avenue, Suite 750
Dallas, Texas  75201
(214) 379-0722 Telephone
(214) 373-4714 Facsimile

**<u>Appellees</u>:**

BOBBY BURGE, INDIVIDUALLY
AND AS BENEFICIARY OF BURGE FAMILY
REVOCABLE TRUST
Represented by:

J. Paul Manning
Field, Manning, Stone, Hawthorne & Aycock, P.C.
2112 Indiana Avenue
Lubbock, Texas 79410
(806) 792-0810 Telephone
(806) 792-9148 Facsimile
jpmanning@lubbocklawfirm.com

# TABLE OF CONTENTS

**Page(s)**

LIST OF ALL PARTIES AND COUNSEL ..................................................... ii

INDEX OF AUTHORITIES .............................................................. vi, vii, viii

I.     STATEMENT OF THE CASE ................................................... 1

II.    STATEMENT REGARDING ORAL ARGUMENT ............................... 1

III.   ADOPTION OF APPELLANT JON MARK SHEPHERD'S BRIEF ...... 2

IV.   ISSUES PRESENTED ..................................................... 2

V.    STATEMENT OF FACTS ..................................................... 2

     A.    THE PARTIES AND BURGE'S CLAIMS ................................... 2
     B.    THE ARBITRATION AGREEMENT AND THE MOTIONS TO COMPEL ARBITRATION ................................................... 3

VI.   SUMMARY OF THE ARGUMENT ......................................... 6

VII.  ARGUMENT AND AUTHORITIES ......................................... 6

     A.    JURISDICTION, ARBITRABILITY STANDARDS AND STANDARD OF REVIEW ................................................... 6
           1.    JURISDICTION FOR INTERLOCUTORY APPEAL ......... 6
           2.    ARBITRATION STANDARDS ................................... 7
           3.    STANDARD OF REVIEW ..................................... 8
     B.    THE TRIAL COURT ERRED IN FAILING TO COMPEL ARBITRATION OF BURGE'S CLAIMS AGAINST GIRARD AND SHEPHERD BECAUSE A VALID AGREEMENT TO ARBITRATE SUCH CLAIMS EXISTED BETWEEN BURGE AND GIRARD AND SHEPHERD ................................................... 8
     C.    TEXAS RULES OF CONTRACT CONSTRUCTION ARE APPLICABLE TO THE DETERMINATION OF WHETHER A VALID AGREEMENT TO ARBITRATE EXISTED ................................................... 10

      D.      BURGE'S CLAIMS FALL WITHIN THE SCOPE OF THE ACCOUNT
DOCUMENTS' ARBITRATION PROVISIONS ........................................ 12

CONCLUSION AND PRAYER ..................................................... ..15

CERTIFICATE OF SERVICE ....................................................... 16

APPENDIX……………………………………………………………17

# INDEX OF AUTHORITIES

**CASES**                                                                         **PAGE(S)**

**Cases**

*Capital Income Properties-LXXX v. Blackmon,*
    843 S.W.2d 22 (Tex. 1992) .......................................................................15

*Chambers v. O'Quinn,*
    305 S.W.3d 141, 146 (Tex.App–Houston [1st Dist] 2009, pet denied)...........7

*Citizens Nat'l Bank v. Tex. & P. Ry. Co.,*
    136 Tex. 333, 150 S.W.2d 1003, 1006 (1941) ................................................12

*City of Pinehurst v. Spooner Addition Water Co.,*
    432 S.W.2d 6=515, 518 (Tex. 1968) ............................................................11

*Emerald Texas, Inc. v. Peel,*
    920 S.W.2d 398, 404(Tex.App. – Houston [1st Dist. 1996, no pet.) .............13

*In re BNP Paribas,*
    13-07-353-CV, 2008 WL 2208933, at *3-4 (Tex. App.—Corpus Christi
    May 29, 2008, no pet.)........................................................................ 12, 13

*In re D. Wilson Const. Co.,*
    196 S.W.3d 774, 783 (Tex. 2006) ...........................................................7, 12

*In re FirstMerit Bank,*
    52 S.W.3d 749, 754 (Tex.2001) .................................................. 7, 10, 11, 14

*In re J.D. Edwards World Solutions, Co.,*
    87 S.W.3d 546, 549 (Tex.2002) .................................................................12

*In re Merrill Lynch & Co.,*
    315 S.W.3d 888, 891, n. 3 (Tex. 2010) .....................................................6, 7

*In re Merrill Lynch Trust Co. FSB,*
    235 S.W.3d 185, 190 (Tex. 2007) ..............................................................13

*In re Mission Petroleum Carriers, Inc.,*
13-04-00550-CV, 2005 WL 326848, at *2 (Tex. App.—Corpus Christi
Feb. 11, 2005, no pet.) ........................................................................13

*In re Palm Harbor Homes, Inc.,*
195 S.W.3d 672, 678 (Tex. 2006) ...............................................................10

*In re Prudential Sec., Inc.,*
159 S.W.3d 279, 283 (Tex.App.—Houston [14th Dist.] 2005,
orig. proceeding)..........................................................................14

*In re Vesta Ins. Group, Inc.,*
192 S.W.3d 759, 762 (Tex. 2006) ...............................................................12

*In re D. Wilson Const.Co.,*
196 S.W.3d 774, 781 (Tex. 2006) .............................................................. 12

*Jack B. Anglin Co., Inc. v. Tipps,*
842 S.W.2d 266, 268 (Tex. 1992) .................................................... 7, 9, 13

*J.M. Davidson, Inc. v. Webster,*
128 S.W.3d 223, 229 (Tex. 2003) ...............................................................10

*Meyer v. WMCO-GP, LLC,*
211 S.W.3d 302 (Tex. 2006) .....................................................................12

*Myers v. Gulf Coast Minerals Mgmt. Corp.,*
365 S.W.2d 631 (Tex. Sup. 1963).............................................................12

*Pennzoil Company v. Arnold OSil Company, Inc.,*
30 S.W.3d 494, 498 (Tex.App.—San Antonio 2000, orig. proceeding).......13

*Prudential Sec. Inc. v. Marshall,*
909 S.W.2d 896, 900 (Tex. 1995) .................................................... 12, 14

*R & P Enters. v. LaGuarta, Garvel & Kirk, Inc.*
596 S.W.2d 517. 518 (Tex. 1980) .............................................................10

*Sidley Austin Brown & Wood, LLP v. J.A. Green Dev. Corp.,*
327 S.W.3d 859, 862-63 (Tex. App.—Dallas 2010, no pet.).........................8

*Spence & Howe Construction Co. v. Gulf Oil Corp.,*
 365 S.W.2d 631 (Tex. Sup. 1963) .................................................................11

*Valence Operating Co. v. Dorsett,*
 164 S.W.3d 656, 661 (Tex. 2005) ...............................................................10

*Valero Energy Corp. v. Wagner & Brown*,
 777 S.W.2d 564, 566 (Tex. App. – El Paso 1989, writ denied)............. 10, 13

*Wee Tots Pediatrics, P.A. v. Morohunfola,*
 268 S.W.3d 784 (Tex. App.—Fort Worth 2008, no pet.) .............................14

<u>STATUTES</u>

TEX. CIV. PRAC. & REM. CODE §51.016..................................................................1, 6
TEX.CIV.PRAC. & REM. CODE §171.021(a)..............................................................8
TEX. CIV. PRAC. & REM. CODE §171.023(b) ...........................................................9
TEX. CIV. PRAC. & REM. CODE §171.025 ................................................................8
TEX.CIV.PRAC. & REM. CODE § 171.098 ...............................................................1, 6

9 U.S.C. §1............................................................................................................6
9 U.S.C. §3............................................................................................................8
9 U.S.C. §16(a)(1)(A)-(C) ....................................................................................6

<u>OTHER</u>

Texas Arbitration Act (Chpt. 171 of the Business & Commerce Code) ...................8

TO THE HONORABLE COURT OF APPEALS:

COMES NOW Appellant Girard Securities, Inc. ("Girard") and files this *Appellant's Brief* and would respectfully show the Court as follows:

## I.     STATEMENT OF CASE.

Appellee Bobby Burge ("Burge") has filed suit against several Defendants and asserts causes of action related to, among other things, two brokerage accounts that had been opened with Girard, a registered broker-dealer.  Jon Mark Shepherd ("Shepherd") was a registered representative of Girard.

Appellants Girard and Shepherd both moved to compel arbitration of the claims asserted against them pursuant to the arbitration agreements contained in the account opening documents and to stay proceedings in the Trial Court pending the completion of arbitration.  The trial court denied those motions.  Appellants file this interlocutory appeal pursuant to Sections 51.016 and/or 171.098 of the Texas Civil Practice and Remedies Code.

## II.    STATEMENT REGARDING ORAL ARGUMENT

The issues in this appeal are straightforward, and the facts are not complicated.  Girard does not think oral argument is necessary, but will participate if one takes place.

1

## III. ADOPTION OF APPELLANT JON MARK SHEPHERD'S BRIEF

In the interests of time and judicial economy, and in accordance with Rule 9.7 TRAP, Appellant Girard Securities, Inc. adopts by reference the entirety of Appellant Jon Mark Shepherd's Brief. The legal arguments presented to the court by Shepherd apply similarly to Girard.

## IV. ISSUE PRESENTED.

Did the Trial Court commit reversible error when it denied the Motions to Compel Arbitration because a valid agreement to arbitrate Burges' claims against Shepherd and Girard existed?

## V. STATEMENT OF FACTS.

### A. THE PARTIES AND BURGE'S CLAIMS.

Burge filed suit on September 21, 2016 in the 72nd District Court of Lubbock County [C.R. 6]. Burge alleges that he is the brother of Defendants Karolyn Shepherd and Judy Kay Stevenson (the "Sisters"). Burge further alleges that he and his Sisters were the beneficiaries of trusts set up by their parents. Burge sued his Sisters, Shepard, and Girard alleging that he had been cheated out of money and/or property that had been placed in trust for him by his parents. Burge alleged, *inter alia,* causes of action for fraud, unjust enrichment, conversion, breach of fiduciary duty, theft liability, and conspiracy against all Defendants. See, Plaintiff's Original Petition, C.R. 6 – 19.

2

Girard is a registered broker-dealer and Shepherd was a registered representative affiliated with Girard [C.R. 140]. There were two accounts at Girard that are relevant to this appeal, both of which were opened in November of 2011: (1) a Premiere Select IRA account, opened by Alice Burge ("Mother") (the "IRA Account"); and (2) a Joint Tenant with Rights of Survivorship Account, opened by Burge, his Mother, and his Sisters ("Joint Tenant Account") [C.R. 140-141].

Burge alleged that he had beneficial interests in both accounts, and they were wrongfully closed and their assets were "moved" to other accounts in which he had no interest. In effect, he alleges that the Defendants stole money from him by emptying those accounts for the benefit of his Sisters [POP ¶¶3.08, 3.09, C.R. 8]. Burge also alleges theft of real property [POP ¶3.10, C.R. 9]. He alleges that all Defendants (including Shepherd and Girard) acted together as part of a ". . . plan to cut [Burge] out of his inheritance" [POP ¶3.13 C.R. 8].

**B. THE ARBITRATION AGREEMENT AND THE MOTIONS TO COMPEL ARBITRATION**

Girard filed a Motion to Compel Arbitration on March 30, and relied on the account opening documents for the IRA Account. See, Girard's Motion at C.R. 126 – 130 and Exhibit A thereto at S.C.R. 4-24. Shepherd filed a Motion to Compel Arbitration on May 4 which relied on account opening documents for both

3

the IRA Account and the Joint Account.  See, Shepherd's Motion, his Affidavit in support, and Exhibits A and B thereto at C.R. 131 – 183.

Included in the account opening documents for the Joint Account attached to Shepherd's affidavit were documents entitled "Brokerage Access Form" [C.R. 172 - 176] and "Statement of Investment Selection" [C.R. 181 – 182].  Burge signed both of those documents.  See, C.R. 176 and 182 (in Appendix).  Printed in a conspicuous box just above Burge's signature on both of those pages (the copy at C.R. 182 is more legible) was the following language (emphasis added):

> I represent that I have read the terms and conditions concerning this account and agree to be bound by such terms and conditions as currently in effect and as may be amended from time to time.  I acknowledge receipt of the margin disclosure statement and the disclosure of credit terms on transactions, ***this account is governed by a pre-dispute arbitration clause, which is found on the last page of the customer agreement. I acknowledge receipt of the pre-dispute arbitration clause***.

Shepherd signed both documents just below Burge.  See, CR 176, 182.

The Customer Agreement was included in the account opening documents for the IRA Account attached to Shepherd's Affidavit.  See, C.R. 156 – 162.  It was also included in Exhibit A to Girard' Motion [S.C.R. 18 - 24].  The pre-dispute arbitration agreement was included in that Customer Agreement and provides as follows:

> "By signing an arbitration agreement, the parties agree as follows:

4

(A)  All parties to this agreement are giving up the right to sue each other in court, including the right to a trial by jury, except as provided by the rules of the arbitration forum in which a claim is filed.

\* \* \*

All controversies that may arise between me, You[1] and NFS concerning any subject matter, issue or circumstance whatsoever including, but not limited to, controversies concerning any account, order or transaction, or the continuation, performance, interpretation or breach of this or any other agreement between me, You and NFS whether entered into or arising before, on or after the date this account is opened) shall be determined by arbitration in accordance with the rules then prevailing of the Financial Industry Regulatory Authority (FINRA) or any United States securities self-regulatory organization or United States securities exchange of which the person, entity or entities against whom the claim is made Is a member, as I may designate." [C.R. 161]

Thus, this arbitration clause was referenced in the account opening documents for both accounts, and was in the record in two places in connection with the Motions to Compel Arbitration – in Exhibit A to Girard's Motion, and in Exhibit B to Shepherd's Affidavit filed with his Motion.  Burge's signature was on two separate documents right under an acknowledgement that he had received the arbitration clause and was subject to it [C.R. 176 and 182].   Shepherd signed the same pages, thus creating a binding agreement to arbitrate.

---

[1] "You" is defined as the broker – dealer.  See C.R. 156.

All of these documents had been on file for almost a month when Burge filed a Response to both Motions on May 30 [C.R. 185 – 204]. In support of his Response, Burge filed his own Affidavit [C.R. 206 – 207]. Notably -- ***Burge did not deny executing the Joint Account documents and did not deny agreeing to the arbitration clause in the documents that were referenced directly above his signature on the "Brokerage Access Form" and "Statement of Investment Selection" documents.***

## VI. SUMMARY OF THE ARGUMENT.

The terms of the arbitration agreement and the evidence that Burge had agreed to it were not controverted. Since Burge's claims indisputably involve a controversy with Shepherd and Girard relating to the IRA Account and/or the Joint Account, those claims fall within the scope of the arbitration agreement. Appellants timely moved to compel arbitration in this proceeding and, based on the applicable facts and law, the trial court committed reversible error by denying Appellants' motions to compel arbitration and otherwise stay the proceedings in the Trial Court pending arbitration.

## VII. ARGUMENT AND AUTHORITIES.

### A. JURISDICTION, ARBITRABILITY STANDARDS AND STANDARD OF REVIEW.

#### 1. Jurisdiction for Interlocutory Appeal.

6

A person may take an interlocutory appeal to the Court of Appeals from an order of a District Court denying a motion to compel arbitration whether the motion relies on the Federal Arbitration Act (9 U.S.C. §1, *et seq.)* or the Texas Arbitration Act (chapter 171 of the Business & Commerce Code). See, TEX. CIV. PRAC. & REM. CODE §51.016, 171.098; 9 U.S.C. §16(a)(1)(A)-(C). See also*, In re Merrill Lynch & Co.,* 315 S.W.3d 888, 891, n. 3 (Tex. 2010). Shepherd moved to compel arbitration under both the federal and state statutes [C.R. 133, 137] as did Girard [C.R. 126].

### 2. Arbitration Standards.

In determining whether to compel arbitration, the court must decide: (1) whether a valid, enforceable arbitration agreement exists, and (2) if so, whether the claims asserted fall within the scope of that agreement. *In re D. Wilson Constr. Co.,* 196 S.W.3d 774, 781 (Tex. 2006); *Chambers v. O'Quinn*, 305 S.W.3d 141, 146 (Tex.App.—Houston, [1st Dist] 2009, pet. denied). The first question is a question of fact. *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 268 (Tex. 1992). The party seeking to compel arbitration has the initial burden to establish his right to the remedy under the first prong; that is, to establish that a valid arbitration agreement exists.

Once a party seeking to compel arbitration establishes an agreement to arbitrate, the court must then determine whether the arbitration agreement covers

7

the nonmovant's claims. Like other questions of contract construction, that is a question of law. *In re FirstMerit Bank*, 52 S.W.3d 749, 753-54 (Tex. 2001).

When a movant establishes the existence of an agreement, and that the agreement applies to the dispute, the trial court has no discretion but to compel arbitration and stay its own proceedings. *In re FirstMerit Bank,* at 754; TEX.CIV.PRAC. & REM CODE §171.025 ("The court shall stay a proceeding that involves an issue subject to arbitration . . . .") A trial court "shall order the parties to arbitrate" upon a showing of an agreement to arbitrate. Tex.Civ.Prac. & Rem. Code §171.021(a). Section 3 of the FAA (9 U.S.C. §3) similarly provides (emphasis added):

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending . . . *shall* on application of one of the parties *stay the trial of the action* until such arbitration has been had in accordance with the terms of the agreement . . . .

### 3.     Standard of Review.

Appeals of orders denying arbitration under the both the federal and state statutes are subject to a no-evidence standard for the trial court's factual determinations, and a *de novo* standard for legal determinations. This standard is the same as the abuse of discretion standard of review that is applied to

8

interlocutory appeals under the FAA. *Sidley Austin Brown & Wood, LLP v. J.A. Green Dev. Corp.*, 327 S.W.3d 859, 862-63 (Tex. App.—Dallas 2010, no pet.).

**B. THE TRIAL COURT ERRED IN FAILING TO COMPEL ARBITRATION OF BURGE'S CLAIMS AGAINST GIRARD AND SHEPHERD BECAUSE A VALID AGREEMENT TO ARBITRATE SUCH CLAIMS EXISTED BETWEEN BURGE AND GIRARD AND SHEPHERD.**

As noted previously, the first step in determining whether parties should be compelled to arbitrate a dispute is to consider whether the parties agreed to arbitrate. Texas law controls the resolution of that issue under both the federal and state statutes. "When Texas courts are called on to decide if disputed claims fall within the scope of an arbitration clause under the Federal Act, Texas procedure controls that determination." *Anglin,* 842 S.W.2d at 268. The existence of an arbitration agreement is a question of fact, which is to be resolved "summarily". Tex.Civ.Prac. & Rem. Code §171.023(b). Such a summary resolution should be made on the basis of affidavits whenever possible. If the movant meets his burden with affidavits, then the burden shifts to the opponent to controvert it by affidavits. *Anglin,* 842 S.W.2d at 268.

Issues of fact that are controverted in the affidavits may then need to be resolved by an evidentiary hearing. As the Supreme Court wrote in *Anglin Co.,* 842 S.W.2d at 269: "[T]he trial court may summarily decide whether to compel arbitration on the basis of affidavits, pleadings, discovery, and stipulations. However, if the material facts necessary to determine the issue are controverted, by

9

an opposing affidavit or otherwise admissible evidence, the trial court must conduct an evidentiary hearing to determine the disputed material facts."

Here, Burge did not controvert any of the evidence submitted by Shepherd or Girard that he had agreed to the arbitration provision in the Customer Agreement. Burge did not even object to any of that evidence. There was <u>no</u> disputed issue of fact for the Trial Court to resolve – the only evidence in front of the Trial Court was that that an agreement to arbitrate existed between Burge on the one hand and Girard / Shepherd on the other.

The only other issue in front of the trial court was– Does that agreement cover the claims against Shepherd and Girard? As demonstrated below, the answer is clearly "yes".

**C.** **TEXAS RULES OF CONTRACT CONSTRUCTION ARE APPLICABLE TO THE DETERMINATION OF WHETHER A VALID AGREEMENT TO ARBITRATE EXISTED.**

Construction of the scope of arbitration agreement is a question of law. *In re FirstMerit Bank*, 52 S.W.3d 749, 754 (Tex. 2001). Texas Courts generally apply state-law principles governing the formation of contracts to claims under the FAA as well as the Texas Arbitration Act. *In re Palm Harbor Homes, Inc.,* 195 S.W.3d 672, 678 (Tex.2006). In construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex.2005); *J.M.*

10

*Davidson, Inc. v. Webster,* 128 S.W.3d 223, 229 (Tex.2003); *R & P Enters. v. LaGuarta, Gavrel & Kirk, Inc.,* 596 S.W.2d 517, 518 (Tex. 1980). To achieve this objective, we must examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless. *Valence Operating Co. v. Dorsett,* 164 S.W.3d at 661; *R & P Enters. v. LaGuarta, Gavrel & Kirk, Inc.,* 596 S.W.2d at 518.

A strong presumption favoring arbitration arises after the party seeking to compel arbitration proves that a valid arbitration agreement exists. Texas Courts must resolve any doubts about an arbitration agreement's scope in favor of arbitration. *In re FirstMerit Bank*, N.A., 52 S.W.3d 749, 753 (Tex. 2001). Finally, to determine whether an arbitration agreement covers a party's claims, a court must focus on the Petition's factual allegations, not the legal causes of action asserted. *Id*., at 754.

One general principle of contract construction is that the parties to an instrument intend every clause to have some effect and in some measure to evidence their agreement. *City of Pinehurst v. Spooner Addition Water Co.,* 432 S.W.2d 515, 518 (Tex. 1968) (citing the Restatement of the Law of Contracts § 230 (1932) with approval). As said in the Restatement, § 230, supra, "[the] standard of interpretation … is the meaning that would be attached to the integration by a reasonably intelligent person acquainted with all operative usages

11

and knowing all the circumstances prior to and contemporaneous with the making of the integration." *Id.* Where a question relating to the construction of a contract is presented, as here, the Courts are to take the *wording* of the instrument, *consider the same in the light of the surrounding circumstances,* and apply the pertinent rules of construction thereto in order to settle the meaning of the contract. *Spence & Howe Construction Co. v. Gulf Oil Corp*., 365 S.W.2d 631 (Tex. Sup.1963). Finally, no single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument. *Myers v. Gulf Coast Minerals Mgmt. Corp.,* 361 S.W.2d 193, 196 (Tex.1962); *Citizens Nat'l Bank v. Tex. & P. Ry. Co.,* 136 Tex. 333, 150 S.W.2d 1003, 1006 (1941).

**D.      BURGE'S CLAIMS FALL WITHIN THE SCOPE OF THE ACCOUNT DOCUMENTS' ARBITRATION PROVISIONS.**

Once Appellants established the existence of a valid arbitration agreement, the burden shifted to Burge to defeat enforcement of that agreement. *In re J.D. Edwards World Solutions, Co.,* 87 S.W.3d 546, 549 (Tex.2002) (per curiam). The Texas Supreme Court has held that the burden is on the party resisting arbitration "to show that their claims fell outside the scope of the arbitration agreement." *Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 900 (Tex. 1995). "A court should not deny arbitration unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue." *In re D. Wilson Const. Co.*, 196 S.W.3d 774, 783 (Tex. 2006)

12

(quoting *Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 899 (Tex. 1995)) (emphasis in original) (internal citations omitted).

Indeed, arbitration agreements even cover disputes involving parties who did not sign the agreement when their rights arise from or directly relate to the agreement. *See In re Vesta Ins. Group, Inc.*, 192 S.W.3d 759, 762 (Tex. 2006); *Meyer v. WMCO-GP, LLC*, 211 S.W.3d 302 (Tex. 2006); *see, e.g., In re BNP Paribas*, 13-07-353-CV, 2008 WL 2208933, at *3-4 (Tex. App.—Corpus Christi May 29, 2008, no pet.).

Actions against individual employees for conduct which in substance arises in the course of employment are subject to arbitration agreements with their employers. *See, e.g., In re Merrill Lynch Trust Co. FSB*, 235 S.W.3d 185, 190 (Tex. 2007) ("Because the plaintiffs' claims against Medina are in substance claims against Merrill Lynch, they must abide by their agreement to arbitrate those claims.").

Burge's claims against Girard arise out of and/or relate to the IRA Account and the Joint Account and otherwise satisfy the various criteria of an arbitrable claim. Generally, if the facts alleged "touch matters," "have a significant relationship" to, or are "factually intertwined" with the contract that is subject to the arbitration agreement, the claim is arbitrable. *In re Mission Petroleum Carriers, Inc.*, 13-04-00550-CV, 2005 WL 326848, at *2 (Tex. App.—Corpus

13

Christi Feb. 11, 2005, no pet.) (Federal Act) (quoting *Pennzoil Company v. Arnold Oil Company, Inc.*, 30 S.W.3d 494, 498 (Tex.App.—San Antonio 2000, orig. proceeding); *Emerald Texas, Inc. v. Peel*, 920 S.W.2d 398, 404(Tex.App. – Houston [1ˢᵗ Dist. 1996, no pet.) (Texas Act), citing *Valero Energy Corp. v. Wagner & Brown*, 777 S.W.2d 564, 566 (Tex. App. – El Paso 1989, writ denied).

The Court must focus on the factual allegations of the Plaintiff's Petition, rather than the legal causes of action asserted. *In re FirstMerit Bank*, 52 S.W.3d 749, 754 (Tex. 2001). The Court should consider whether the facts alleged are intertwined with the contract containing the arbitration clause. *Jack B. Anglin Co.*, 842 S.W.2d at 271. To fall within the scope of an arbitration provision, the allegations need only be factually intertwined with arbitrable claims *or otherwise touch upon the subject matter of the agreement containing the arbitration provision. In re Prudential Sec., Inc.*, 159 S.W.3d 279, 283 (Tex.App.—Houston [14th Dist.] 2005, orig. proceeding) (emphasis added).

Under the broad language of the arbitration provision contained in the account opening documents – encompassing any controversy or dispute between the parties concerning the IRA Account or the Joint Account -- it simply cannot be said with positive assurance that the arbitration provision in the Customer Agreement does not cover Burge's claims against Shepherd and Girard. *See, e.g., Wee Tots Pediatrics, P.A. v. Morohunfola*, 268 S.W.3d 784 (Tex. App.—Fort

Worth 2008, no pet.) (construing broad arbitration provision in employment agreement covering any disputes between the parties in any manner relating to the agreement to require arbitration in absence of exclusionary language). Clearly, Burge's claims, which include allegations of a scheme on the part of all Defendants to deprive Burge of his inheritance by, among other things, emptying the IRA Account and Joint Account, are within the scope of the arbitration provision.

Further, it is clear that the arbitration provision is not limited to, nor was intended to be limited to, claims for breach of the account agreements. *See Capital Income Properties-LXXX v. Blackmon*, 843 S.W.2d 22 (Tex. 1992) (per curiam) (holding that arbitration provision governing claims that "arise out of and relate to" a limited partnership agreement compelled arbitration of claims of breach of fiduciary duty and fraudulent inducement to invest in partnership). Thus, each of Burge's claims, which relate to a ". . . plan to cut [Burge] out of his inheritance" [POP ¶3.13 C.R. 8] must be arbitrated.

Burge failed to offer any evidence to contradict any of Appellants' evidence. He failed to offer an interpretation of the arbitration agreement that plausibly denied the arbitrability of this dispute. Burge's only evidence addressed his Mother's mental state which is not relevant. See, C.R. 206 – 207. He failed to address, let alone carry, his burden of proof.

**CONCLUSION AND PRAYER**

Shepherd and Girard entered into a valid and binding agreement to arbitrate all controversies or disputes concerning any transaction in the IRA Account or the Joint Account. Burge's claims concern those accounts. The Trial Court's order should be reversed, Burge should be ordered to arbitrate his claims against Shepherd and Girard, and Cause No. 2016-522,595, pending in the 72nd District Court of Lubbock County should be stayed pending resolution of that arbitration.

Respectfully submitted,

WINGET, SPADAFORA &
SCHWARTZBERG, LLP

By: /s/ Eron F. Reid
      Martin S. Schnexnayder
      State Bar No. 17745610
      Eron F. Reid
      State Bar No. 24100320
      Two Riverway, Suite 725
      Houston, Texas 77056
      (713) 343-9200 Telephone
      (713) 343-9201 Facsimile
      Schnexnayder.m@wssllp.com
      Reid.e@wssllp.com

**COUNSEL FOR APPELLANT GIRARD
SECURITIES, INC.**

16

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via electronic service through Texas.gov or by email to all counsel of record on this _5th_ day of September, 2017 in accordance with the Texas Rules of Appellate Procedure.

 /s/ Eron F. Reid
ERON F. REID

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has a word count of 3,379 which complies with the maximum length limits of the Texas Rules of Appellate Procedure.

 /s/ Eron F. Reid
ERON F. REID

# **<u>APPENDIX</u>**

There are no additional documents to be added in an Appendix, other than those attached as an Appendix to the briefs of the other parties in this appeal.